In the Matter of LEWIS A. HOFFMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 24, 1992

**APPEARANCES OF COUNSEL**

*Joseph J. Hausbeck* for Grievance Committee of the Eight Judicial District.

*Lewis A. Hoffman,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this court on December 11, 1968 and to the practice of law in the State of Florida on May 17, 1982. On October 21, 1991, an

amended order was entered in Supreme Court for the State of Florida approving his petition for resignation. On January 2, 1992, we entered an order directing him to show cause why an order of discipline should not be entered pursuant to 22 NYCRR 1022.22.

He filed a handwritten response asserting that he was not disciplined by the Florida Supreme Court but that he resigned from the practice of law because he had not undertaken any legal work for several months and did not intend to practice law in the State of Florida for the foreseeable future. In response, the Grievance Committee for the Eighth Judicial District submitted an affidavit indicating that the petition for resignation from practice indicates that disciplinary charges were pending against him in the State of Florida and that the order of the Supreme Court of Florida approving the resignation specifically states that the resignation was accepted in lieu of disciplinary proceedings. The Grievance Committee has submitted an affidavit from the Director of Lawyer Regulation for the Florida Bar indicating that, if respondent's resignation had not been accepted, the disciplinary charges would have been prosecuted.

Pursuant to 22 NYCRR 1022.22, we may discipline an attorney who has been disciplined in a foreign jurisdiction for the conduct that resulted in such action unless the record discloses (1) that the procedure in the foreign jurisdiction deprived the attorney of due process; (2) that there was insufficient proof of misconduct to support the findings of the foreign court; or (3) that the imposition of discipline would be unjust. Neither the record of the Florida proceedings nor the additional material submitted by respondent establishes any of those defenses or the defense raised by respondent.

Accordingly, respondent should be suspended from practice pending further order of the court. In the event he seeks, and is granted readmission to practice in the State of Florida, he may apply for reinstatement to practice in New York.

DENMAN, P. J., CALLAHAN, BOOMER, GREEN and PINE, JJ., concur.

Order of suspension entered pursuant to 22 NYCRR 1022.22.